```
                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
```

| ANGELA CAMPBELL, | CASE NO. C21-5429RSM |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT |
| v. | |
| PUGET SOUND COLLECTIONS, INC., a Washington Corporation, d/b/a PSC, INC., | |
| Defendant. | |

## I.   INTRODUCTION

A debt collector sought $1,550 in medical expenses from Plaintiff under her married name, although she received those services while insured under her maiden name. Because she was on Medicaid, her insurer told her that she should not be balance billed—she should owe nothing. After receiving the debt collection letter she hired an attorney to resolve the issue. Her attorney spoke with the debt collector many times but apparently failed to point out the name difference, failed to indicate that she was on Medicaid, and was unable to resolve this simple dispute prior to litigation. The debt collector alleges that Plaintiff hid information, waited many months, then filed this lawsuit seeking attorney fees and other damages many times the original underlying dispute. A discovery motion has been filed, sanctions sought,

and—undoubtedly—many times the underlying dispute amount has been spent on attorneys' fees.

This is a Fair Debt Collection Practice Act ("FDCPA") and Washington's Consumer Protection Act ("CPA") action brought by Angela Campbell against Defendant Puget Sound Collections, Inc ("PSC"). PSC first moved for dismissal under Rules 12(b)(6) and 56. Dkt. #11. Later, Plaintiff moved for partial summary judgment. Dkt. #31. Neither party has requested oral argument. For the reasons stated below, the Court GRANTS PSC's Motion, DENIES Ms. Campbell's Motion, and denies all other Motions as MOOT.

## II.   BACKGROUND

The following facts are not in dispute.

On March 4, 2018, Angela Campbell married Johnathan Feldmann. Dkt. #12, Declaration of Angela Vanderhoof ("Vanderhoof Decl."), Ex. 1. A year later, she recorded a real estate transaction under the name Angela Feldmann, and at some point updated her voter registration with her new name. *Id*. at Ex. 2. Why Ms. Campbell filed this suit under her maiden name is not addressed by Plaintiff and was initially unclear to the Court and Defendant PSC. Plaintiff's counsel refused to address this point in responsive briefing and only presents the facts of the case in a bare-bones fashion. *See* Dkt. #17 at 3; Dkt. #31 at 2–3 ("plaintiff received medical services… Plaintiff is a Medicaid patient…. Plaintiff does not owe any charges…. Defendant mailed Plaintiff a letter demanding over $1,500.00 for medical services…." Additional digging from PSC has uncovered that Ms. Campbell had her marriage annulled. She signed a form during that process as "Angela Feldmann" on July 23, 2020. See Dkt. #19 and Dkt. #19-2. A change back to her maiden name was not legally effective until April 23, 2021. *Id*. and Dkt. #19-3. Plaintiff tries to ignore these facts, but they help explain Defendant's actions and are relevant to this case.

On May 29, 2020, Plaintiff obtained medical services at a Tacoma Emergency Room. Dkt. #1-3 Ex. A-C.  At the time she received medical services, Plaintiff, legally named Angela Feldmann, was still insured by Molina HealthCare through Medicaid under her maiden name. Dkt. #1-3, Ex. A.  On June 1, 2020, Molina sent a letter to Plaintiff informing her that it rejected a portion of the bill for this ER visit but that she would not be responsible for any charges. *Id*. This letter was addressed to Angela Campbell.

On October 15, 2020, Defendant PSC mailed a debt collection letter to "Angela Feldmann" seeking $1,550, the unpaid balance for the ER visit.  Dkt. #1-3, Ex. B.  PSC argues that it used that name because that name was provided by its client, the medical provider. Plaintiff initially pled that she "disputed the account," then amended her Complaint to remove this statement.  *See* Dkt. #21 at 2.  Plaintiff in fact did not herself respond to the letter, or provide her insurance information or a copy of the Molina letter to PSC.

On December 2, 2020, Plaintiff's attorney, Robert Mitchell, sent an unfiled summons and complaint to PSC, alleging that PSC's initial communication did not include certain required language. Dkt. #12 ("Vanderhoof Decl."), ¶ 8; Dkt. #10-1, Ex. 1. The original Complaint served by Mr. Mitchell was labeled a class action.  Mr. Mitchell again failed at this time to provide PSC with either Plaintiff's insurance information or a copy of the Molina letter.

On December 16, 2020, Mr. Mitchell requested that PSC send a verification of the debt directly to Ms. Campbell. Vanderhoof Decl. at ¶ 9, Ex. 4 at 3–4.

On January 6, 2021, PSC sent this letter to Angela Feldmann and sought $1,582.87, including interest. Dkt. #1-3, Ex. C.

Mr. Mitchell and a PSC representative had more communications, by phone and otherwise.  These communications were unsuccessful at resolving this dispute.  Ultimately, Ms. Campbell filed suit on May 28, 2021.  Dkt. #1-1.  The Complaint attached the Molina letter.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT - 3

Her Second Amended Complaint brings causes of action under the Fair Debt Collection Practices Act ("FDCPA"), Washington Consumer Protection Act ("CPA"), and the common law tort of outrage.  Dkt. #25.

### III.   DISCUSSION

**A. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**C. Outrage Claim**

PSC moves to dismiss Ms. Campbell's Outrage claim under Rule 12(b)(6). Taking all the facts in the Complaint as true, the Court agrees with Defendant that this claim fails.

Outrage requires proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975). Whether the conduct is sufficiently outrageous is ordinarily a question for the jury, but courts must initially determine if reasonable minds could differ as to whether the conduct was sufficiently

extreme to result in liability. *Robinson v. Pierce County*, 539 F. Supp. 2d 1316, 1332-33 (W.D. Wash. 2008).

PSC recites the above standards as well as the facts of several outrage cases, then argues:

> Nothing like that happened here. All that happened here is that PSC sent Ms. Campbell a collection notice and subsequent verification of debt as required by federal law for medical treatment that she admits she received, but which she says she should not be required to pay based on a letter she received from her insurance company. This is not even close to conduct that would reach the level of outrage, and Ms. Campbell cheapens the efficacy of this cause of action by even alleging its applicability.

Dkt. #11 at 6. PSC points out that Plaintiff has failed to plead intentional or reckless conduct, or injury, with specificity. *Id*. at 6–7.

Plaintiff received two collection letters seeking a total of $1,582.87 for medical services. Her attorney had seemingly cordial phone calls with PSC. Plaintiff fails to allege with any specificity how she was injured by this. This is not the type of event that could possibly cause "severe emotional distress" of the type contemplated under the tort of outrage. No reasonable juror could find otherwise. This claim is properly dismissed under Rule 12(b)(6). Leave to amend the Complaint will not be granted. Any amendment would be futile because there are no facts, consistent with those already pled, that could satisfy the elements of this claim. Furthermore, Ms. Campbell has already amended her complaint twice.

### D. Remaining FDCPA and CPA Claims

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson,*

*Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors."). Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." *Id.* Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.*

RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts not authorized by law. Actions prohibited under this statute are declared unfair acts or practices under the CPA; in other words a violation of this statute constitutes a per se violation of the CPA. RCW 19.16.440; *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53, 204 P.3d 885, 897 (2009) ("When a violation of debt collection regulations occurs, it constitutes a per se violation of the [Washington] CPA… under state and federal law.").

PSC argues that all communication it had with Mr. Mitchell, as opposed to Ms. Campbell, cannot form a basis of FDCPA or CPA claims. Dkt. #11 at 13–14 (citing cases).

PSC next maintains that it had a right to reasonably rely on information received from its client, that Ms. Campbell hid the fact that she was covered by Medicaid from PSC and its client, and that any injury she suffered was a result of her own actions. PSC states:

> Undisputed statements in Ms. Vanderhoof's declaration reflect Ms. Campbell's attorney was in communication with PSC for a period of approximately six months between December 2, 2020 (when Ms. Campbell was still named Ms. Feldmann), (Dkt 12 at ¶ 8); (Dkt 10-1), and May 26, 2021, when Mr. Mitchell served PSC with the Complaint in this lawsuit (just a month after Ms. Campbell changed her name back). (Dkt 12 at ¶ 18). The undisputed evidence also reflects that Ms. Vanderhoof was helpful, and tried diligently to assist Ms. Campbell and her attorney. See generally (Dkt 12 at ¶¶ 5-17, Ex. 7-8), with exhibits. Ms. Campbell and her attorney had months prior to this lawsuit to make inquiry into the ER Physicians and the accuracy of its billing and failed to do so. This lawsuit arose only because Ms. Campbell failed to advise Molina that she changed her name, failed to advise Tacoma ER Care Physicians of her insurance status, and both she and her counsel, whether by design or negligence, failed to advise PSC of either her insurance status or provide them with the Molina letter, despite copious opportunity to do so.

Dkt. #18 at 6.

The medical provider here likely verified coverage using the patient's name and date of birth. *See* Supp. Vanderhoof Decl. at ¶ 3. Perhaps because Plaintiff failed to notify Molina of her name change when she married in 2018, the provider could not locate her coverage under the name she was using when she went to the Tacoma ER. *See id*. This, undisputed by Plaintiff, explains everything. In the event a provider cannot find insurance or there is a balance after insurance pays, the provider sends the patient statements prior to submitting an account to a collection agency. *Id*. at ¶ 6. Plaintiff has failed to indicate that such did not occur here. Prior to her debt being sent to collections, she had months to clear up with the ER Physicians any misunderstanding regarding her bill. The record appears to show that had she contacted the ER Physicians when receiving their billing statement, and provided her insurance information at that time, the account would not have been referred for collection. *Id*. Plaintiff does not contest any of this.

The Court does not know exactly what to make of this case. Plaintiff's debt should not have been sent to collection. Defendant PSC does not appear to have made any error given the information reasonably available to it, rather the erroneous collection was a simple mistake due in part to Plaintiff's failure to update her insurer of her name change, her inaction after being billed, and the apparent subterfuge of her attorney. The FDCPA does not impose a duty upon a debt collector to independently investigate the validity of a debt and, unless it is unreasonable to do so, debt collectors have the right to rely upon the information provided by their clients. *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006). Plaintiff presents no basis on which to suggest that the Tacoma ER Care Physicians are unreliable. Given all of the above, the Court finds that all of Plaintiff's causes of action are properly dismissed on summary judgment. The parties appear to agree that Plaintiff does not owe this debt and the Court assumes that PSC will do what it can to ensure that she does not receive any more erroneous collection notices.

The Court declines to sanction Plaintiff under 28 U.S.C. § 1927, as requested by PSC in its response to Plaintiff's Motion for Summary Judgment. *See* Dkt. #33 at 7. Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). As an initial matter, it is not clear whether PSC seeks to sanction Plaintiff or her attorney. If it is seeking to sanction her attorney, the Court finds it improper to seek such relief in a response brief rather than a separate

motion, as such denies Plaintiff a full opportunity to respond. In any event, the Court finds that Plaintiff's counsel's conduct has yet to "so multipl[y] the proceedings" in this case so as to warrant sanctions, and that PSC has failed to put forth sufficient evidence of bad faith.

## IV.  CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1) PSC's Motion for Dismissal under Rules 12(b)(6) and 56, Dkt. #11, is GRANTED.

2) Plaintiff's Motion for Partial Summary Judgment, Dkt. #31, is DENIED.

3) All other Motions are DENIED AS MOOT.

4) This case is CLOSED.

DATED this 7th day of January, 2022.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE